

**U.S. Department of Justice**
United States Attorney
District of Connecticut

FILED
2013 AUG 22 ' P 4: 35
U.S. DISTRICT COURT
BRIDGEPORT

*Connecticut Financial Center*  *Telephone: (203) 821-3700*
*157 Church Street, Floor 25*  *Fax: (203) 773-5376*
*New Haven, Connecticut 06510*  *www.usdoj.gov/usao/ct*

August 22, 2013

Robert Altchiler, Esq.
590 Madison Avenue, 21st Floor
New York, NY 10022

    Re:    United States v. Riverview Sales, Inc. and David Laguercia,
             Crim. No. 3:13cr 170(HBF)

Dear Mr. Altchiler:

       This letter confirms the plea agreement entered into between your clients, Riverview Sales Inc. ("Riverview") and David Laguercia ("Laguercia") (collectively referred to as "the defendants"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

       Riverview agrees to plead guilty to Count One of the Information charging it with making a false entry into a firearms dealer's acquisition and disposition records, in violation of 18 U.S.C. §§ 922(m) and 924(a)(2)(B). Laguercia agrees to plead guilty to Counts Two and Three of the Information charging him with transferring a firearm before receiving authorization from the national instant criminal background check system, in violation of 18 U.S.C. §§ 922(t) and 924(a)(5) (Count Two), and with failing to maintain proper firearms dealer's records in not reporting the multiple sale of handguns, in violation of 18 U.S.C. §§ 922(m) and 924(a)(2)(B) (Count Three). Riverview and Laguercia understand that to be guilty of these offenses the following essential elements must be satisfied:

    Counts One and Three – 18 U.S.C. § 922(m)

    1.    That the defendant was a federally licensed firearms dealer at the time the alleged offense occurred; and

    2.    That the defendant knowingly failed to make an appropriate entry in, made a false entry in, or failed to maintain the firearm records he was required by federal law to maintain.

Count Two – 18 U.S.C. § 922(t)

1. That the defendant was a federally licensed firearms dealer at the time the alleged offense occurred; and

2. That the defendant knowingly transferred a firearm prior to receiving authorization for the transfer from the national instant background check system.

## THE PENALTIES

The offenses charged in Counts One and Three each carry a maximum penalty of one year in prison, five years of probation, and a $100,000 fine. Supervised release is not authorized for these offenses.

The offense charged in Count Two carries a maximum penalty of one year in prison, five years of probation, and a $100,000 fine. Supervised release is not authorized for this offense.

Both defendants also are subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on each defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $100,000.

In addition, each defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $25.00 on each count of conviction. The defendants agree to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

## THE SENTENCING GUIDELINES

### Applicability

The defendants understand that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendants expressly understand and agree that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendants, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendants further understand that they have no right to withdraw their guilty pleas if the sentence or the Guideline application is other than they anticipated.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels each defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on their prompt recognition and affirmative acceptance of personal responsibility for the offense. The defendants expressly understand that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon each defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which each defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendants' financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if either defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if either defendant seeks to withdraw the plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility.  The defendants understand that they may not withdraw these pleas of guilty if, for the reasons explained above, the Government does not these recommendations or seeks denial of the adjustment for acceptance of responsibility.

Guidelines Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.  The following guideline calculations apply to each defendant.

Under U.S.S.G. § 2K2.1(a)(8), the base offense level is 6 because the offenses of conviction in this case are violations of 18 U.S.C. §§ 922(m) and 922(t).  After a two-level reduction for acceptance of responsibility, the total offense level is 4.

Based on an initial assessment, the parties agree that the defendants have accumulated no criminal history points and each fall within Criminal History Category I.  The parties reserve the right to recalculate the defendants' Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Assuming a Criminal History Category I, a total offense level of 4 would result in a guideline range of 0-6 months' imprisonment (sentencing table) and a fine range of $250 to $5,000 (U.S.S.G. § 5E1.2(c)(3)).  The defendants will seek a sentence of probation, and the Government reserves its right to seek whatever sentence it deems appropriate under 18 U.S.C. § 3553(a), provided that this sentence does not exceed six months' incarceration, which is the top of the stipulated guideline range.

The defendants expressly understand that the Court is not bound by this agreement on the Guideline ranges specified above.  The defendants further understand that they will not be permitted to withdraw the pleas of guilty if the Court imposes a sentence outside any of the

ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Stipulation

The defendants and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendants understand that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendants understand that this stipulation is not binding on the Court. The defendants also understand that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendants acknowledge that under certain circumstances they are entitled to appeal their convictions and sentences. It is specifically agreed that neither defendant will appeal nor collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed six months' imprisonment, five years' probation, and a fine of $100,000, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendants agree not to appeal or collaterally attack the imposition of the sentence of imprisonment concurrently or consecutively, in whole or in part, with any undischarged sentence of imprisonment to which the defendants may be subject at the time of sentencing in this case. The defendants expressly acknowledge that they are knowingly and intelligently waiving these rights. Furthermore, it is agreed that any appeal as to the defendants' sentences that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendants' background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

4

The defendants understand that they have the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent them.

The defendants understands that they have the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against them, the right not to be compelled to incriminate themselves, and the right to compulsory process for the attendance of witnesses to testify in their defense. The defendants understands that by pleading guilty they waive and give up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendants understand that, if they plead guilty, the Court may ask questions about each offense to which they plead guilty, and if they answer those questions falsely under oath, on the record, and in the presence of counsel, their answers may later be used against them in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendants agree that, should the convictions following defendants' pleas of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendants, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendants agree to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendants acknowledge that they are entering into this agreement and are pleading guilty freely and voluntarily because they are guilty. The defendants further acknowledge that they are entering into this agreement without reliance upon any discussions between the Government and them (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendants further acknowledge their understanding of the nature of the offenses to which they are pleading guilty, including the penalties provided by law. The defendants also acknowledge their complete satisfaction with the representation and advice received from their undersigned attorney. The defendants and their undersigned counsel are unaware of any conflict of interest concerning counsel's representation of both defendants in the case.

### SCOPE OF THE AGREEMENT

The defendants acknowledge that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendants acknowledge that no representations have been made to them with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are

solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendants acknowledge that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving them.

## COLLATERAL CONSEQUENCES

The defendants understand that they will be adjudicated guilty of each offense to which they have pleaded guilty. The defendants understand that the Government reserves the right to notify any state or federal agency by which they are licensed, or with which they do business, as well as any current or future employer of the fact of these convictions. The parties agree that these convictions do not disqualify Laguercia from lawfully possessing a firearm or a pistol permit.

Moreover, with respect to firearms remaining in Riverview's former inventory, Laguercia shall sell said firearms to a Federally Licensed Firearms Dealer ("FFL") or transfer said firearms to an FFL for sale on consignment by close of business on the date of sentencing in this case. Should Laguercia be unable to accomplish this transfer prior to sentencing, the Government will not object to a reasonable continuance of sentencing to allow Laguercia to make this transfer.

Finally, Laguercia explicitly agrees that, for a period of five years commencing on the date of the judgment of conviction, he will no longer be an FFL or a responsible party for an FFL, and he will not hereinafter make application for a federal license to engage in the business of importing, manufacturing, or dealing in firearms or ammunition either in his own name or in the name of any other individual, corporation, company, association, firm, partnership, society, joint stock company or other entity.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendants' guilty pleas, if accepted by the Court, will satisfy their federal criminal liability in the District of Connecticut as a result of their participation in the offenses which form the basis of the Information in this case.

The defendants understands that if, before sentencing, they violate any term or condition of this agreement, engage in any criminal activity, or fail to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendants will not be permitted to withdraw their plea of guilty.

## NO OTHER PROMISES

The defendants acknowledge that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

> Very truly yours,
>
> DEIRDRE M. DALY
> ACTING UNITED STATES ATTORNEY
>
> ROBERT M. SPECTOR
> ASSISTANT U.S. ATTORNEY

The defendants certify that they have read this plea agreement letter and its attachment or have it read or translated to them, that they have had ample time to discuss this agreement and its attachment with counsel and that they fully understand and accept its terms.

_____        8/22/13
DAVID LAGUERCIA                       Date

_____        8/22/13
RIVERVIEW SALES, INC.                 Date
(by DAVID LAGUERCIA, OWNER)

I have thoroughly read, reviewed and explained this plea agreement and its attachment to my clients who advise me that they understand and accept its terms.

_____        8/22/13
ROBERT ALTCHILER                      Date
Attorney for the Defendants

## STIPULATION OF OFFENSE CONDUCT

Riverview Sales, Inc., David Laguercia, and the Government stipulate to the following offense conduct that gives rise to the defendants' agreement to plead guilty to the Information:

David Laguercia ("Laguercia"), doing business as Riverview Sales, Inc. ("Riverview"), has been a federal firearms licensed dealer ("FFL") since 2005 and lived in Agawam, Massachusetts through December 2012. He used to be an FFL in Massachusetts. As of December 2012, he was the sole owner of Riverview, which is located at 4 Prospect Hill Road, East Windsor, Connecticut. As the owner of Riverview, Laguercia had sole supervisory and managerial authority over Riverview and its employees.

From approximately January 2010 through December 2012, Riverview committed various violations of 18 U.S.C. §§ 922(m), 922(t) and 923(g). In particular, there were approximately 300 separate examples of false or missing information in Riverview's acquisition and disposition ("A&D") records. In addition, there were at least two instances in which individuals received firearms prior to receiving approval from the national instant criminal background check system ("NICS"). Finally, Riverview has violated 18 U.S.C. §§ 923(g)(3)(A) and 923(g)(6) both by failing to report the theft of a firearm within 48 hours and by failing to report the multiple sales of handguns.

On or about May 5, 2010, an individual purchased and received a Ruger LCP bearing serial number 373-11338 from Riverview despite the fact that Riverview did not receive a NICS authorization for the purchase, in violation of 18 U.S.C. § 922(t).

On December 31, 2010, an individual attempted to purchase a Kel-Tec, PMR30, .22 caliber pistol, bearing serial number W0l60 from Riverview and received a "Delayed" response from NICS. The purchaser had indicated he was a prohibited person under federal law by checking off "Yes" to question 11.a.i on the ATF 4473 form, which asks whether he has previously been convicted of a misdemeanor domestic crime of violence. At the time, the purchaser had pending misdemeanor charges in Connecticut. Riverview had the purchaser return and edit the form on January 11, 2011 to give an accurate "No" answer. Although the NICS proceed response was not issued until January 3, 2011, Riverview transferred the firearm to this purchaser on January 2, 2013, before receiving the "Proceed" response, in violation of 18 U.S.C. § 922(t). The purchaser was not a prohibited person at the time of this transaction.

On November 23, 2010, an individual purchased an S&W, 637, .38 caliber revolver bearing serial number CNL6534. On November 27, 2010, the same individual purchased a Rossi, Ranch Hand, .38/.357 pistol bearing serial number K284076. Riverview failed to report the multiple sales of handguns to this individual, as required by 18 U.S.C. § 923(g)(3)(A).

On December 7, 2010, an individual purchased a Glock, 29SF, 10 millimeter pistol bearing serial number PSC955. On December 9, 2010, the same individual purchased an H&K, HK45, .45 caliber pistol bearing serial number HKU-004255. Riverview failed to report the multiple sales of handguns to this individual, as required by 18 U.S.C. § 923(g)(3)(A).

On December 30, 2010, an individual purchased a Phoenix, HP25A, .25 caliber pistol bearing serial number 4320817. On January 3, 2011, the same individual purchased a Taurus,

PT22, .22 caliber pistol bearing serial number 92060067. Riverview failed to report the multiple sales of handguns to this individual, as required by 18 U.S.C. § 923(g)(3)(A).

On March 23, 2010, Riverview acquired from an individual a Beretta, Silver Snipe, 12 gauge shotgun bearing serial number A16433. As of January 2011, that firearm was missing from Riverview's inventory. On January 19, 2011, Riverview reported the firearm as stolen; it believed that the firearm "walked off" when it was conducting a sale.

On December 11, 2012, an individual stole from Riverview one Windham Weaponry Inc., model R16M4, caliber 5.56 rifle, bearing serial number WW056205, and the theft was captured on the store's video surveillance system. Riverview did not know that the firearm had been stolen and therefore did not report it as stolen at that time. On December 15, 2012, this same individual attempted to steal a second firearm from Riverview, but was arrested by the police outside of the store. On December 17, 2012, the police recovered the Windham Weaponry firearm that had been stolen on December 11, 2012 and, on or about December 18, 2012, advised Riverview of this fact. Riverview did not report the firearm as stolen or conduct an inventory of the firearms in his store. In fact, as late as December 28, 2012, when the ATF tracing center contacted Riverview, Riverview reported that the Windham Weaponry firearm was still in the store's inventory.

Riverview also committed numerous record-keeping violations of 18 U.S.C. § 922(m). For example, on August 23, 2009, an individual purchased a Mossberg 500 20 gauge shotgun despite the fact that he answered "Yes" to the question on the 4473 form: "Have you ever been convicted in any court of a misdemeanor crime of domestic violence?" On March 28, 2010, an individual purchased a Savage .308 rifle, and the 4473 form for the transaction listed the wrong date for the initial NICS contact. In addition, items 24 and 25 of the form (the recertification signature) were left blank. And Riverview transferred the firearm without waiting the requisite 14 days (the state authorized the transfer for April 11, 2010). On October 3, 2010, an individual purchased a S&W M&P 15, 5.56 rifle. On his 4473 form, the initial NICS response was mistakenly recorded as "Proceed" instead of "Delayed." On December 15, 2010, an individual bought a Ruger .380 caliber pistol despite failing to answer the question on the 4473 form: "Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner?"

In addition, there were approximately 300 instances of errors in Riverview's A&D records. For example, on September 15, 2009, Riverview acquired from an individual an ATI, GSG5, .22 rifle bearing serial number A310042, and sold it on September 28, 2009 to a different individual. The disposition for this firearm was not recorded. The firearm was not logged out of the A&D record, and the firearm manufacturer "GSG" was not listed in A&D record.

On February 19, 2010, Riverview acquired from an individual a Stag Arms, Model Stag-15, .223 rifle bearing serial number 42312. Riverview then sold this same firearm to another individual on February 25, 2010. The A&D record for this firearm is not accurate, as the firearm is never logged out of the A&D record.

On March 19, 2010, Riverview acquired from an individual an S&W, M&P 15-22, .22 caliber rifle bearing serial number DTH5112 and sold it on March 21, 2010 to a different individual. The disposition was not recorded, and the firearm was not logged out of the A&D

record.

On June 30, 2010, Riverview acquired from an individual a Colt 1911, .45 pistol bearing serial number 46967, and then sold on July 26, 2010 to a different individual. The firearm was not properly logged out of the A&D record.

On June 2, 2010, Riverview acquired from an individual a Bushmaster, XM15-E2S, 5.56 rifle, bearing serial number BFI653795 and sold it to a different individual on August 3, 2010. This disposition was not recorded, and the firearm was not logged out of A&D Record.

On July 13, 2010, Riverview acquired from an individual a Taurus, 85, .38 caliber revolver bearing serial number CT81534 and sold it on July 14, 2010 to a different individual. The disposition was not recorded, and the firearm was not logged out of the A&D record.

On September 4, 2010, Riverview acquired from an individual a Mossberg, Silver Reserve, 12 gauge shotgun bearing serial number TR12056709 and sold it to a different individual on December 20, 2010. This disposition was not recorded, and the firearm was not logged out of the A&D record.

The mistakes in the A&D records also included simply failing to record properly the serial numbers of firearms.

The written stipulation above is incorporated into the preceding plea agreement. The defendants and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
DAVID LAGUERCIA

_____
ROBERT M. SPECTOR
ASSISTANT U.S. ATTORNEY

_____
RIVERVIEW SALES, INC.
(by DAVID LAGUERCIA, OWNER)

_____
ROBERT ALTCHILER
Attorney for the Defendants